## IN THE UNITED STATES DISTRICT COURT
## FOR THE NOTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

CHERMICIA WALKER, LEISHA
JOHNSON, ASHLEY FLINT,
SATONYA MONTGOMERY,
KENTRELL RAMSEY, and EMILY
SMALLS

        Plaintiffs,

vs.

FROM THE HEART ENTERPRISES
INCORPORATED, BARBARA
RANDALL, and SHELLEE
JOHNSON,

        Defendants.

Civil Action File Number:

**JURY TRIAL DEMANDED**

## COMPLAINT

COME NOW Plaintiffs Chermicia Walker ("Walker"), Leisha Johnson ("Johnson"), Ashley Flint ("Flint"), Satonya Montgomery ("Montgomery"), Kentrell Ramsey ("Ramsey"), and Emily Smalls ("Smalls") (collectively "Plaintiffs") and through the undersigned counsel of record file this Complaint against From the Heart Enterprises, Incorporated ("From the Heart"), Barbara Randall ("Randall"), and Shellee Johnson ("Johnson") (collectively "Defendants") showing the Court as follows:

## JUISDICTION AND VENUE

1.

Plaintiffs bring this action under the Fair labor Standards Act of 1938, as amended 29 U.S.C. § 201 *et seq.* ("FLSA") to recover (1) unpaid, federally mandated overtime wages owed to Plaintiffs and liquidated damages in an amount equal to unpaid overtime wages; (2) damages for retaliation in violation of Section 15(a)(3) of the FLSA; and (3) reasonable attorneys' fees and costs.

2.

Plaintiffs invoke the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331 and 1337, and 29 U.S.C. § 216(b) of FLSA.

3.

Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1) because Defendants reside in the State of Georgia and within the Northern District of Georgia, Atlanta Division.

4.

Venue is also proper in this district and division pursuant to 28. U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to this Complaint occurred within the Northern District of Georgia, Atlanta Division.

## PARTIES

5.

Plaintiff Walker is an individual resident of the State of Georgia and submits to the jurisdiction of this Court.

6.

Plaintiff Johnson is an individual resident of the State of Georgia and submits to the jurisdiction of this Court.

7.

Plaintiff Flint is an individual resident of the State of Georgia and submits to the jurisdiction of this Court.

8.

Plaintiff Montgomery is an individual resident of the State of Georgia and submits to the jurisdiction of this Court.

9.

Plaintiff Ramsey is an individual resident of the State of Georgia and submits to the jurisdiction of this Court.

10.

Plaintiff Smalls is an individual resident of the State of Georgia and submits to the jurisdiction of this Court.

11.

Plaintiffs were or are employees of Defendants, as defined in 29 U.S.C. § 203(e).

3

12.

Defendant From the Heart is an employer as defined by 29 U.S.C. § 203(d), is an enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203(s), is a qualified and licensed organization in Georgia that is entitled to do business in Georgia, and may be served with Summons and Complaint in this action at 2188 Riverbrook Road, Decatur, Georgia 30035.

13.

Defendants Randall and Johnson, who are individual residents of the State of Georgia and high-level managers of Defendant From the Heart, exercised control over the manner in which Plaintiffs were paid and were aware of the extent of the hours worked by Plaintiffs. Defendants Randall and Johnson may be served with Summons and Complaint in this action at 2188 Riverbrook Road, Decatur, Georgia 30035.

## FACTUAL ALLEGATIONS

14.

Defendants are engaged in the business of providing personal care services to individuals and are otherwise unable to fully care for themselves. As an element of their business, Defendants operate two group homes, each of which houses 3 patients – some of whom have been institutionalized by the State, and one

4

"dayhab" facility where patients are transported for daytime rehabilitation services. Plaintiffs performed services for Defendant in these locations.

15.

Plaintiffs are current and former employees of Defendants each of whom performed one or more of the aforementioned services for customers of Defendants.

16.

During the entire period of each of Plaintiffs' employment with From the Heart, Plaintiffs were not compensated in accordance with the FLSA.

**PLAINTIFF WALKER**

17.

Plaintiff Walker began working for Defendants in early 2011 and remains employed by Defendants. Walker works in service of Defendants Monday through Friday of each week and also works every-other weekend to provide in home personal care to customers of Defendants at Defendants' group homes.

18.

Walker is paid $300.00 a week for the services she provides during the Monday through Friday work week. At no time during her employment with Defendants has Walker been additionally compensated, either at her regular rate of

pay or at the FLSA mandated overtime rate, for hours she worked for Defendants in a work week beyond 40.

19.

From 2011 through 2012, Walker worked an average of 60 hours in service of Defendants during the Monday through Friday period of each week.

20.

In 2013, Walker worked an average of 50 hours in service of Defendants during the Monday through Friday period of each week.

21.

To the present date, Walker has worked an average of 50 hours in service of Defendants during the Monday through Friday period of each week in 2014.

22.

At all times Walker has been employed by Defendants, Defendants were aware of the fact that Walker was working more than 40 hours a week and required her to do so.

23.

At no time have Defendants instructed Walker not to work overtime, instructed Walker that overtime had to be approved, instructed Walker to keep track of her hours, or done anything else with respect to Walker's overtime other than require that she work overtime without additional compensation.

6

24.

In addition to being aware of the hours Walker worked because Defendants required her to work those hours, Defendants were also aware as a result of Walker's inquiries as to why employees were not paid overtime. In response to these inquiries, Defendants told Walker that employees were paid on a "day-rate" and not entitled to further compensation.

25.

In addition to her Monday through Friday work, every-other weekend for the entire period of her employment Defendants required Walker to provide in-home personal care to Defendants' customers. On these weekends, Walker works 60 hours, beginning at approximately 9:00 p.m. on Friday and finishing at approximately 9:00 a.m. on the following Monday.

26.

For her weekend work, Defendants pay Walker only $225.00.

27.

At all times during Walker's employment, Defendants have been aware of and have required Walker to work 60 hours every other weekend.

28.

Defendants' actions in failing to properly compensate Walker were knowing and willful.

**PLAINTIFF JOHNSON**

29.

Plaintiff Johnson began working for Defendants in July 2012 and remains employed by Defendants. Johnson works in service of Defendants Monday through Friday of each week and also works every-other weekend to provide in home personal care to customers of Defendants at Defendants' group homes.

30.

Johnson is paid $300.00 a week for the services she provides during the Monday through Friday work week. At no time during her employment with Defendants has Johnson been additionally compensated, either at her regular rate of pay or at the FLSA mandated overtime rate, for hours she worked for Defendants in a work week beyond 40.

31.

During the entire period of her employment with Defendants, Johnson has worked an average of 50 hours in service of Defendants during the Monday through Friday period of the week.

32.

At all times Johnson has been employed by Defendants, Defendants were aware of the fact that Johnson was working more than 40 hours a week and required her to do so.

33.

At no time have Defendants instructed Johnson not to work overtime, instructed Johnson that overtime had to be approved, instructed Johnson to keep track of her hours, or done anything else with respect to Johnson's overtime other than require that she work overtime without additional compensation.

34.

In addition to being aware of the hours Johnson worked because Defendants required her to work those hours, Defendants were also aware as a result of Plaintiff Walker's inquiries as to why employees were not paid overtime. In response to these inquiries, Defendants told Plaintiff Walker that employees were paid on a "day-rate" and not entitled to further compensation.

35.

In addition to her Monday through Friday work, every-other weekend for the entire period of her employment Defendants required Johnson to provide in-home personal care to Defendants' customers. On these weekends, Johnson works 60 hours, beginning at approximately 9:00 p.m. on Friday and finishing at approximately 9:00 a.m. on the following Monday.

36.

For her weekend work, Defendants pay Johnson only $225.00.

37.

At all times during Johnson's employment, Defendants have been aware of and have required Johnson to work 60 hours every other weekend.

38.

Defendants' actions in failing to properly compensate Johnson were knowing and willful.

**PLAINTIFF FLINT**

39.

Plaintiff Flint worked for Defendants from January 2013 to January of 2014. Flint worked in service of Defendants Monday through Friday of each week and also worked every-other weekend to provide in home personal care to customers of Defendants at Defendants' group homes.

40.

Flint was paid $300.00 a week for the services she provided during the Monday through Friday work week. At no time during her employment with Defendants was Flint ever additionally compensated, either at her regular rate of pay or at the FLSA mandated overtime rate, for hours she worked for Defendants in a work week beyond 40.

41.

During the entire period of her employment with Defendants, Flint worked an average of 50 hours in service of Defendants during the Monday through Friday period of the week.

42.

At all times Flint was employed by Defendants, Defendants were aware of the fact that Flint worked more than 40 hours a week and required her to do so.

43.

At no time did Defendants instruct Flint not to work overtime, instruct Flint that overtime had to be approved, instruct Flint to keep track of her hours, or do anything else with respect to Flint's overtime other than require that she work overtime without additional compensation.

44.

In addition to being aware of the hours Flint worked because Defendants required her to work those hours, Defendants were also aware as a result of Plaintiff Walker's inquiries as to why employees were not paid overtime. In response to these inquiries, Defendants told Plaintiff Walker that employees were paid on a "day-rate" and not entitled to further compensation.

45.

In addition to her Monday through Friday work, every-other weekend for the entire period of her employment Defendants required Flint to provide in-home

personal care to Defendants' customers. On these weekends, Flint worked 60 hours, beginning at approximately 9:00 p.m. on Friday and finishing at approximately 9:00 a.m. on the following Monday.

46.

For her weekend work, Defendants paid Flint only $225.00.

47.

At all times during Flint's employment, Defendants were aware of and required Flint to work 60 hours every other weekend.

48.

Defendants' actions in failing to properly compensate Flint were knowing and willful.

**PLAINTIFF MONTGOMERY**

49.

Plaintiff Montgomery worked for Defendants from January 2013 to June 2013. Montgomery worked in service of Defendants Monday through Friday of each week and also worked every-other weekend to provide in home personal care to customers of Defendants at Defendants' group homes.

50.

Montgomery was paid $300.00 a week for the services she provided during the Monday through Friday work week. At no time during her employment with

Defendants was Montgomery ever additionally compensated, either at her regular rate of pay or at the FLSA mandated overtime rate, for hours she worked for Defendants in a work week beyond 40.

51.

During the entire period of her employment with Defendants, Montgomery worked an average of 50 hours in service of Defendants during the Monday through Friday period.

52.

At all times Montgomery was employed by Defendants, Defendants were aware of the fact that Montgomery worked more than 40 hours a week and required her to do so.

53.

At no time did Defendants instruct Montgomery not to work overtime, instruct Montgomery that overtime had to be approved, instruct Montgomery to keep track of her hours, or do anything else with respect to Montgomery's overtime other than require that she work overtime without additional compensation.

54.

In addition to being aware of the hours Montgomery worked because Defendants required her to work those hours, Defendants were also aware as a

result of Plaintiff Walker's inquiries as to why employees were not paid overtime. In response to these inquiries, Defendants told Plaintiff Walker that employees were paid on a "day-rate" and not entitled to further compensation.

55.

In addition to her Monday through Friday work, every-other weekend for the entire period of her employment, Defendants required Montgomery to provide in-home personal care to Defendants' customers. On these weekends, Montgomery worked 58 hours, beginning at approximately 11:00 p.m. on Friday and finishing at approximately 9:00 a.m. on the following Monday.

56.

For her weekend work, Defendants paid Montgomery only $225.00.

57.

At all times during Montgomery's employment, Defendants were aware of and required Montgomery to work 58 hours every other weekend.

58.

Defendants' actions in failing to properly compensate Montgomery were knowing and willful.

**PLAINTIFF RAMSEY**

59.

Plaintiff Ramsey worked for Defendants from January 2012 to May 2013 when he left Defendants' service to pursue other career options. Ramsey returned to work for Defendants in January 2014 and was employed until early March 2014 when he was terminated in retaliation for asserting his rights under the FLSA. Ramsey worked in service of Defendants Monday through Friday of each week and also worked every-other weekend to provide in home personal care to customers of Defendants at Defendants' group homes.

60.

During his first period of employment with Defendants, Ramsey was paid $450.00 a week for the services she provided during the Monday through Friday work week. At no time during his employment with Defendants was Ramsey ever additionally compensated, either at his regular rate of pay or at the FLSA mandated overtime rate, for hours he worked for Defendants in a work week beyond 40.

61.

During his first period of employment with Defendants, Ramsey worked an average of 55 hours in service of Defendants during the Monday through Friday period of the week.

62.

During his second period of employment with Defendants, Ramsey was paid at a rate of $9.00 per hour. While Mr. Ramsey is required to work an average of 55

hours in service of Defendants during the Monday through Friday period, he is not paid at the overtime rate for hours worked beyond 40.

63.

At all times Ramsey was employed by Defendants, Defendants were aware of the fact that Ramsey worked more than 40 hours a week and required him to do so.

64.

At no time did Defendants instruct Ramsey not to work overtime, instruct Ramsey that overtime had to be approved, instruct Ramsey to keep track of his hours, or do anything else with respect to Ramsey's overtime other than require that he work overtime without appropriate compensation.

65.

In addition to being aware of the hours Ramsey worked because Defendants required him to work those hours, Defendants were also aware as a result of Plaintiff Walker's inquiries as to why employees were not paid overtime. In response to these inquiries, Defendants told Plaintiff Walker that employees were paid on a "day-rate" and not entitled to further compensation.

66.

Defendants were also aware of the additional hours worked by Ramsey because he asked Defendant Johnson why he was not paid overtime. She

responded that because Mr. Ramsey worked in different functions – as a driver and as a nursing assistant – he was not entitled to overtime.

67.

In addition to his Monday through Friday work, every-other weekend for the entirety of both periods of his employment Defendants required Ramsey to provide in-home personal care to Defendants' customers. On these weekends, Ramsey worked 60 hours, beginning at approximately 9:00 p.m. on Friday and finishing at approximately 9:00 a.m. on the following Monday.

68.

For his weekend work, Defendants paid Ramsey only $225.00.

69.

At all times during Ramsey's employment, Defendants were aware of and required Ramsey to work 60 hours every other weekend.

70.

Defendants' actions in failing to properly compensate Ramsey were knowing and willful.

**PLAINTIFF SMALLS**

71.

Plaintiff Smalls worked for Defendants from December 2012 to April 2013. Smalls worked in service of Defendants Monday through Friday of each week and

also worked every-other weekend to provide in home personal care to customers of Defendants at Defendants' group homes.

72.

Smalls was paid $300.00 a week for the services she provided during the Monday through Friday work week. At no time during her employment with Defendants was Smalls ever additionally compensated, either at her regular rate of pay or at the FLSA mandated overtime rate, for hours she worked for Defendants in a work week beyond 40.

73.

While from Monday though Friday of each week, Smalls generally worked 40 hours in service of Defendants, she worked substantial overtime every other weekend when she was required to provide in-home care to clients of Defendants.

74.

At no time did Defendants instruct Smalls not to work overtime, instruct Smalls that overtime had to be approved, instruct Smalls to keep track of her hours, or do anything else with respect to Small's overtime other than require that she work overtime without being compensated at the overtime rate.

75.

In addition to the 40 hours of work she performed for Defendants from Monday through Friday, every-other weekend for the entire period of her

employment, Defendants required Smalls to provide in-home personal care to Defendants' customers. On these weekends, Smalls worked 48 hours, beginning at approximately 11:00 p.m. on Friday and finishing at approximately 11:00 p.m. on the following Sunday.

76.

For her weekend work, Defendants paid Smalls only $225.00.

77.

At all times during Smalls' employment, Defendants were aware of and required Smalls to work 48 hours every other weekend.

78.

Defendants' actions in failing to properly compensate Smalls were knowing and willful.

## RETALIATION FOR ENGAGING IN PROTECTED ACTIVITY

79.

In early 2014, Plaintiffs, desiring to be properly paid for their work and in an effort to vindicate their rights under the FLSA, engaged legal counsel. On behalf of Plaintiffs, Counsel set a demand letter to Defendants on or around February 24, 2014.

80.

Shortly after receiving Plaintiffs' demand letter, Defendants began retaliating against Plaintiffs Walker, Flint, and Ramsey, who were still employed by Defendants.

81.

Defendants' removed Plaintiffs from all weekend work, thereby substantially decreasing their total compensation. Additionally, Defendants began to behave in a hostile manner toward Defendants.

82.

Defendants' issued Plaintiff Flint a completely meritless write-up for acts and omissions of another employee, despite having proof that Flint was not responsible.

83.

Defendants removed Plaintiff Ramsey from all of his regular work shifts. Effectively, Defendant discharged Ramsey for engaging in protected activity.

**COUNT I**
**Willful Failure and Refusal to Pay Overtime in Violation of the FLSA**

84.

Plaintiffs re-allege the preceding paragraphs as if set forth fully herein.

85.

During the statutory period, Plaintiffs Walker, Johnson, Flint, Montgomery, and Ramsey were employed by Defendants to provide personal care services to individuals who were otherwise unable to fully care for themselves.

86.

The FLSA requires employers to pay employees for all hours worked and requires employers to pay employees one and one-half times the regular rat of pay for all hours worked over 40 hours in a workweek.

87.

Defendants' actions, policies, and/or practices described above are in violation of the FLSA's overtime requirements as they fail to compensate Plaintiffs for time spent on work activities as described herein.

88.

As the direct and proximate result of Defendants' willful and unlawful conduct, Plaintiffs have suffered loss of income and other damages. Plaintiffs are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

## COUNT II
## RETALIATION FOR ENGAGING IN ACTIVITY PROTECTED UNDER THE FLSA

89.

Plaintiffs re-allege the preceding paragraphs as if set forth fully herein.

90.

Defendants, individually and jointly, have violated the FLSA by retaliating against Plaintiffs Walker, Johnson, and Ramsey for asserting their federally protected rights.

91.

After Plaintiffs asked Defendants to rectify their violations of the FLSA, Defendant retaliated against Plaintiffs Walker, Johnson, and Ramsy, by, among other things, changing their schedules, issuing a written reprimand threatening termination to Plaintiff Johnson, and removing Plaintiff Ramsey from all scheduled work.

92.

Defendants' actions of retaliation against Plaintiffs have directly and proximately caused losses to the Plaintiffs including but not limited to, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

93.

Plaintiffs' notices of consent to join this action are attached hereto as Exhibit A.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs and all employees similarly situated who opt into this action ("Opt-Ins") respectfully demand a TRIAL BY JURY and the following relief:

(A)     Judgment against Defendants for an amount equal to Plaintiffs and the Opt-Ins' unpaid back wages at the applicable overtime rates for a period of three years;

(B)     Liquidated damages in an additional amount equal to unpaid overtime wages, calculated at the applicable hourly pay rate;

(C)     Leave to add additional plaintiffs or opt-ins by motion, the filing of written consent forms, or any other method approved by the Court;

(D)     Attorneys' fees and costs of litigation pursuant to 29 U.S.C. § 216(b); and

(E)     Any and all such further relief that this Court or the finder of fact deems equitable and just.

Respectfully submitted this 19th day of March, 2014

/s/ Regina S. Molden
Regina S. Molden
Georgia Bar No. 515454
Alec MacInnes
Georgia Bar No. 106163
Peachtree Center - Harris Tower

233 Peachtree Street, N.E. Suite 1245
Atlanta, Georgia 30303
Telephone: (404) 324-4500
Facsimile: (404) 324-4501

Counsel for Plaintiffs

## **CERTIFICATE OF COMPLIANCE**

The undersigned counsel hereby certifies that Plaintiff's Amended Initial Disclosures complies with the type-volume limitations set forth in Rule 5.1 of the Local Rules of the Northern District of Georgia.  Counsel hereby states that Plaintiff's Initial Disclosures have been typed in Times New Roman 14 point.


This 19th day of March, 2014.


> /s/ Regina S. Molden
> Regina S. Molden, Esq.
> Georgia Bar No. 515454

# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NOTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| CHERMICIA WALKER, LEISHA JOHNSON, ASHLEY FLINT, SATONYA MONTGOMERY, and KENTRELL RAMSEY | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | ) Civil Action File Number: |
| vs. | ) |
| FROM THE HEART ENTERPRISES INCORPORATED,  BARBARA RANDALL, and SHELLEE JOHNSON, | )<br>) **JURY TRIAL DEMANDED**<br>)<br>) |
| Defendants. | ) |

## NOTICE OF CONSENT

COMES NOW Plaintiff Ashley Flint, wishing to join in the above captioned action against From the Heart Enterprises Incorporated, Barbara Randall, and Shellee Johnson, arising under the Fair labor Standards Act of 1938, as amended 29 U.S.C. § 201 *et seq.*, by her signature below hereby gives her written consent to participate in this collective action.

This the 9 day of March, 2014.

Ms. Ashley Flint

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NOTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| CHERMICIA WALKER, LEISHA JOHNSON, ASHLEY FLINT, SATONYA MONTGOMERY, and KENTRELL RAMSEY | ) ) ) ) ) |
| Plaintiffs, | ) Civil Action File Number: ) |
| vs. | ) ) |
| FROM THE HEART ENTERPRISES INCORPORATED, BARBARA RANDALL, and SHELLEE JOHNSON, | ) **JURY TRIAL DEMANDED** ) ) ) |
| Defendants. | ) ) ) |

**NOTICE OF CONSENT**

COMES NOW Plaintiff Leisha Johnson, wishing to join in the above captioned action against From the Heart Enterprises Incorporated, Barbara Randall, and Shellee Johnson, arising under the Fair labor Standards Act of 1938, as amended 29 U.S.C. § 201 *et seq.*, by her signature below hereby gives her written consent to participate in this collective action.

This the 09 day of March, 2014.

_Leisha L Johnson_
Ms. Leisha Johnson



## IN THE UNITED STATES DISTRICT COURT
## FOR THE NOTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

CHERMICIA WALKER, LEISHA ) 
JOHNSON, ASHLEY FLINT, ) 
SATONYA MONTGOMERY, and ) 
KENTRELL RAMSEY ) 
                        )     Civil Action File Number:

        Plaintiffs, )

vs. )

FROM THE HEART ENTERPRISES ) 
INCORPORATED, BARBARA )     **JURY TRIAL DEMANDED** 
RANDALL, and SHELLEE ) 
JOHNSON, )

        Defendants. )

### <u>NOTICE OF CONSENT</u>

    COMES NOW Plaintiff Satonya Montgomery, wishing to join in the

above captioned action against From the Heart Enterprises Incorporated,

Barbara Randall, and Shellee Johnson, arising under the Fair labor Standards

Act of 1938, as amended 29 U.S.C. § 201 *et seq.*, by her signature below

hereby gives her written consent to participate in this collective action.

This the 13 day of _March_, 2014.

                                      _Satonya R. Montgomery_
                                      Ms. Satonya Mongomery

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NOTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

CHERMICIA WALKER, LEISHA
JOHNSON, ASHLEY FLINT,
SATONYA MONTGOMERY, and
KENTRELL RAMSEY

        Plaintiffs,

vs.

FROM THE HEART ENTERPRISES
INCORPORATED, BARBARA
RANDALL, and SHELLEE
JOHNSON,

        Defendants.

Civil Action File Number:

**JURY TRIAL DEMANDED**

### NOTICE OF CONSENT

COMES NOW Plaintiff Kentrell Ramsey, wishing to join in the above captioned action against From the Heart Enterprises Incorporated, Barbara Randall, and Shellee Johnson, arising under the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 201 *et seq.*, by his signature below hereby gives his written consent to participate in this collective action.

This the 11 day of March, 2014.

                              Mr. Kentrell Ramsey

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NOTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

CHERMICIA WALKER, LEISHA )
JOHNSON, ASHLEY FLINT, )
SATONYA MONTGOMERY, )
KENTRELL RAMSEY and EMILY )   Civil Action File Number:
SMALLS )
)
       Plaintiffs, )
)
vs. )
)
FROM THE HEART ENTERPRISES )   **JURY TRIAL DEMANDED**
INCORPORATED,  BARBARA )
RANDALL, and SHELLEE )
JOHNSON, )
)
      Defendants, )

**NOTICE OF CONSENT**

COMES NOW Plaintiff Emily Smalls, wishing to join in the above captioned action against From the Heart Enterprises Incorporated, Barbara Randall, and Shellee Johnson, arising under the Fair labor Standards Act of 1938, as amended 29 U.S.C. § 201 *et seq.*, by her signature below hereby gives her written consent to participate in this collective action.

This the 11th day of March, 2014.

                                Ms. Emily Smalls

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NOTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

CHERMICIA WALKER, LEISHA ) 
JOHNSON, ASHLEY FLINT, )
SATONYA MONTGOMERY, and )
KENTRELL RAMSEY )
                                )   Civil Action File Number:
        Plaintiffs,             )
                                )
vs.                             )
                                )
FROM THE HEART ENTERPRISES )
INCORPORATED,  BARBARA )   **JURY TRIAL DEMANDED**
RANDALL, and SHELLEE )
JOHNSON, )
                                )
                                )
        Defendants.             )
                                )

## NOTICE OF CONSENT

COMES NOW Plaintiff Chermicia Walker, wishing to join in the

above captioned action against From the Heart Enterprises Incorporated,

Barbara Randall, and Shellee Johnson, arising under the Fair labor Standards

Act of 1938, as amended 29 U.S.C. § 201 *et seq.*, by her signature below

hereby gives her written consent to participate in this collective action.

This the 8 day of *March*, 2014.

*CDWalker*
Ms. Chermicia Walker