IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EMILY SMALLS | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| FROM THE HEART ENTERPRISES, INC., et al., | : | CIVIL ACTION NO. 1:16-CV-1785-AT |
| | : | |
| Defendants. | : | |

# **ORDER**

This matter is before the Court on Defendant From the Heart Enterprises, Inc.'s Motion for Settlement Against Plaintiff Emily Smalls. Defendant contends it entered into a binding settlement agreement with Plaintiff in this Fair Labor Standards Act (FLSA) case, 29 U.S.C. § 201 *et seq.* This case was originally part of a larger multi-plaintiff FLSA case against Defendants. The Court previously approved a settlement agreed to by all of the other plaintiffs. Defendant's Motion is unopposed.[1] For the following reasons, the Court **GRANTS** Defendant's Motion.

---

[1] Most of Ms. Small's attorneys have withdrawn. Ms. Sadiqa Banks has not, thus far, responded to the Court's Order directing her to file a new motion to withdraw after the Court deemed her previous motion insufficient under the local rules. (Order, Doc. 70.) She thus remains counsel of record for Ms. Small. Ms. Small was notified that the Court intended to enter an order granting Defendant's Motion for Settlement when the Clerk mailed directly to Ms. Smalls the Court's July 13, 2016 Order. (*See Docket Entry*, July 14, 2016.)

## I. Background

This dispute arises from the settlement reached in *Walker, et al. v. From the Heart Enterprises, et al.,* Case No. 14-cv-0796-AT. That case was brought on behalf of 6 plaintiffs, including Ms. Smalls. The parties apparently earnestly began discussing settlement in the fall of 2015. On November 19, 2015, the parties reached the principal terms of an agreement where Defendant would pay Plaintiffs $91,869.94 over a 46 month period, to be divided at the discretion of Plaintiffs' counsel. (Motion at 3-4.) The Parties then finalized the terms of the agreement, including the details of the payment schedule, over the next two months. (*Id.* at 4.) On January 13, 2016, "Plaintiffs' counsel emailed Defendants' counsel with a proposed schedule on monthly payments for all Plaintiffs, including payments for Ms. Smalls . . . Defendants took no issue with the proposed monthly amounts provided by Plaintiffs' counsel, and included these numbers in a revised spreadsheet" being prepared alongside the settlement documents. (*Id.* at 5.)

"At this point, the only action necessary to consummate the settlement was for the Plaintiffs to sign the Agreement. On January 27, 2016, for the first time, Plaintiffs' counsel advised Defendants' counsel that all the Plaintiffs, aside from Ms. Smalls, had signed the settlement agreement, as Ms. Smalls had decided that 'she did not want anything from [Defendant] Barbara [Randall.'" (*Id.* at 6.)

Plaintiffs counsel then informed Defendants that they were "working on" getting approval from Ms. Smalls. Roughly two weeks later, on February 10,

2016, Plaintiffs' counsel "indicated they were 'unsuccessful in having Ms. Smalls agree to the Settlement.'" (*Id.*)  Ms. Smalls apparently refused to have "anything to do with the settlement, which includes agreeing to dismissal of the action." (*Id.* at 7.)   Defendants then filed this Motion.

## II. Discussion

Defendants argue that "[u]nder Georgia law, an attorney of record has apparent authority to enter into an agreement on behalf of his client[, and] such agreement is enforceable against the client by other settling parties."  (Motion at 8 (*citing Brumbelow v. N. Propane Gas Co.*, 308 S.E. 2d 544, 546 (Ga. 1983)). "In the absence of knowledge of express restrictions on an attorney's authority, the opposing party may deal with the attorney as if with the client, and the client will be bound by the acts of his attorney within the scope of his apparent authority*."  Air W. E. Commc'ns, LLC v. State Farm Fire & Cas. Co.*, No. 1:10-CV-2767-JEC, 2013 WL 4718213, at *4 (N.D. Ga. Sept. 3, 2013) (citing *Pembroke State Bank v. Warnell*, 471 S.E. 2d 187 (Ga. 1996)).

Defendants' brief, attached exhibits, and declaration of Defendants' counsel show that "Plaintiffs' counsel did not put Defendants on notice that there was any limitation on its authority to settle this matter on behalf of Ms. Smalls, and at all times the parties' communications involved reaching an agreement on behalf of all Plaintiffs, including Ms. Smalls.  In fact . . . Plaintiffs' counsel even proposed specific amounts and specific monthly payments to be paid Ms. Smalls

3

pursuant to the Settlement Agreement." (Motion at 9-10; Decl. of Sarah M. Phaff, Doc. 62-1 at 2.)

Ms. Smalls' attorneys did not respond to the Motion, contend that the material terms of a settlement were not reached, or argue that they lacked authority to enter into the settlement on behalf of Ms. Smalls. Ms. Smalls herself also did not respond to the Motion, even after the Court advised her that it intended to grant the Motion in the event that she did not object. The Court ensured that the Clerk and Ms. Small's former counsel served Ms. Smalls with a copy of the Court's Order indicating its inclination to grant the Motion. (Order, Doc. 70.)[2]

In the absence of any opposition, and after reviewing the record, the Court finds that Ms. Small's attorneys had apparent authority to enter into the Settlement Agreement, and agreed to all the material terms needed to create a binding FLSA settlement agreement, including the amount of funds that would be paid to Ms. Smalls and the payment schedule for those funds. *See Christopher v. Damiano Long, LLC*, No. 6:06-CV-438-ORL-22-DAB, 2007 WL 1839288, at *2 (M.D. Fla. June 26, 2007) (granting motion to enforce settlement agreement in FLSA case after plaintiff objected, when plaintiff's attorney had authority under Florida law to enter into settlement on plaintiff's behalf). The fact that the settlement agreement was not signed by Ms. Smalls is immaterial. *Brumbelow*,

---

[2] The Court notes that Ms. Banks remains counsel of record for Ms. Smalls after she did not comply with the Court's Order directing her to fix her deficient motion to withdraw. (Order, Doc. 70.)

4

308 S.E. 2d at 547 ("where there is no challenge to the existence or the terms of an agreement, but only to an attorney's authority to enter into it, the client is bound by its terms even in the absence of a writing or detrimental reliance on the part of the opposite party.").

Finally, the Court has reviewed the settlement consistent with the requirements of the Fair Labor Standards Act, 29 U.S.C. § 216. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Based on this review, the Court finds that the settlement agreement as to Ms. Smalls constitutes a fair, reasonable, and adequate resolution of this action. The Court notes that Defendants are apparently facing dire financial circumstances, which means that Ms. Small may be unable to obtain the full amount of back pay or liquidated damages that she might otherwise have been entitled to. The Court noted this same fact when it approved the settlement as to the other plaintiffs in this case before Ms. Small's case was severed. (May 27, 2016 Order, Doc. 65 at 1-2.)

### III. Conclusion

For the foregoing reasons, Defendants' Motion [Doc. 62] is **GRANTED**. The Court **APPROVES** the Settlement Agreement and Release [Doc. 63-1] as to Ms. Smalls. The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED** this 22nd day of September, 2016

_____
**Amy Totenberg
United States District Judge**

5